

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Robert C. Hughes
District Attorney
51st Judicial District
San Angelo, Texas

Dear Mr. Hughes:

Opinion No. O-6668

Re: Whether or not the State Bar
Act, Article 320-A, Vernon's
Revised Civil Statutes, super-
sedes or repeals that provis-
ion of Chapter 238, Acts of
the 43d Legislature, Regular
Session, 1933, saying: "Pro-
vided that nothing herein
shall prevent Notaries Public
from drawing conveyances for
or without compensation."

We beg to acknowledge receipt of your letter asking
for our opinion upon the above subject-matter, such letter be-
ing as follows:

"In the latter part of Sec. 2, Art. 430-A,
Acts 1933, 43rd Leg. P. 835, Ch. 238, provides
as follows:

"Provided that nothing herein shall prevent
Notaries Public from drawing conveyances for or
without compensation."

"Sec. 3, Art. 320-a, which is known as the
State Bar Act as amended acts 1939, 46th Leg., P.
66, Sec. 1, provides as follows:

"Section 3. All persons who are now or who
shall hereafter be licensed to practice law in
this State shall constitute and be members of
the State Bar, and shall be subject to the pro-
visions hereof and the rules adopted by the Su-
preme Court of Texas; and all persons not mem-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

bers of the State Bar are hereby prohibited from
practicing law in this State."

"1. Does the State Bar Act Art. 320-A of
the Revised Civil Statutes supersede or repeal
that part of Art. 430-A of the Penal Code here-
inabove quoted?

"2. Is the drawing of conveyances the prac-
tice of law?

"3. Is the State permitted to bring injunc-
tion suits under the State Bar Act preventing No-
taries Public from drawing conveyances when same
are drawn for compensation?

"4. Is the State permitted to bring injunc-
tion suits under the State Bar Act preventing No-
taries from drawing conveyances when same are
drawn without compensation?"

Chapter 238 passed by the 43d Legislature at its Regu-
lar Session, 1933, Article 430a of the Penal Code, Vernon's
codification, contains the following:

"Section 1. It shall be unlawful for any
corporation or any person, firm, or association
of persons, except natural persons who are mem-
bers of the Bar regularly admitted and licensed.
to practice law."

Section 2 defines the practice of law and makes the
following exception:

"Provided that nothing herein shall prevent
Notaries Public from drawing conveyances for or
without compensation."

Section 6 provides a penalty as for a misdemeanor
against "any person, firm, corporation or association of per-
sons violating any of the provisions of the Act."

The State Bar Act of the 46th Legislature, 1939,
creates the State Bar an administrative agency of the Judicial
Department of the State. In Section 3 the membership of the
State Bar is defined and a provision is made that "all persons
not members of the State Bar are hereby prohibited from prac-
ticing law in this State."

Section 8 declares that:

"All laws or parts of laws in conflict
with this Act or with the rules and regula-
tions adopted under this Act by the Supreme
Court are hereby repealed."

The Rules governing the State Bar of Texas adopted
by the Supreme Court, in pursuance of that statutory author-
ity, regulate the disbarment, suspension and reprimand of mem-
bers of the State Bar, and they also contain sections dealing
with the unauthorized practice of law. Section 35 declares:

"Each grievance committee may institute and
prosecute appropriate suits or proceedings, in
the name of the committee, or any member thereof,
or any party complaining, as may be advisable in
the opinion of the majority of the committee, to
suppress, prohibit, or prevent such unauthorized
practice of the law, or may take such other action
as it deems advisable under the circumstances,
such as the filing of criminal charges or com-
plaints. * * *

"These Rules shall be cumulative of all laws
of the State relating to the unauthorized or the
unlawful practice of the law."

Neither the statutes nor the rules and regulations of
the Supreme Court provided thereunder expressly repeal Article
320a of the statutes (Vernon's codification), nor do they con-
tain any language that could fairly be held to repeal that stat-
ute by implication.

Repeals by implication are not favored. In order for
there to be such repeal by implication, the two Acts must be in-
consistent and irreconcilable with each other, so that it would
be impossible for both of them to be the law at the same time.
Neither the statutes nor the Rules of the State Bar provide for
prosecution of those unlawfully practicing law, but the rules
and regulations do expressly authorize the Grievance Committee
to file such prosecutions, and declare that such rules "shall be
cumulative of all laws of this State relating to the unauthorized
or the unlawful practice of the law," thereby implying, if not de-
claring the continued force and effect of all existing penal laws
relating to the unlawful practice.

Honorable Robert C. Hughes - page 4

From what we have said it follows that your Question 1 should be answered that the State Bar Act in no wise repeals or supersedes Article 430-A, Vernon's Codification of the Penal Code.

In answer to your Question No. 2, it is the opinion of this Department the drawing of instruments of conveyance, such as deeds, mortgages, assignments, bills of sales, and the like, by a Notary Public, not a member of the State Bar, is not the practice of law within the meaning of the Penal Code. It is specially excepted therefrom.

Your Question 3 should be answered in the affirmative. The drawing by a Notary Public of conveyances, such as we have mentioned above, when done for the public upon a compensation, undoubtedly is practicing law, and that portion of Section 35 of the rules and regulations by the Supreme Court governing the unauthorized practice of law authorizes such proceedings. (See O-3602 herewith). We have said that the drawing of such conveyances by a Notary Public was not the practice of law, within the Penal statutes, but it does not follow therefrom that the drawing of such conveyances is not the practice of law, as the same is governed by the State Bar Act. It is the exercise of a permitted classification for legal treatment by the Legislature to say that Notaries Public may not do those things, and may even be enjoined therefrom, but at the same time to say, as the Legislature has said in the Penal Code, such Notaries shall not be punished criminally therefor. See: Tigner v. State, (U.S.) 84 Law Ed. 1124.

Finally, answering your Question No. 4, we doubt whether the State Bar Act authorizes the bringing of injunction proceedings against Notaries Public for drawing conveyances occasionally and without compensation. This would hardly be "the practice of law", within the commonly-accepted understanding of that term.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

Enclosure

APPROVED
OPINION
COMMITTEE
BY GW73
CHAIRMAN